1  JOHN P. KRISTENSEN (SBN 224132)
   DAVID L. WEISBERG (211675)
2  MATTHEW T. HALE (303826)
   **KRISTENSEN WEISBERG, LLP**
3  12304 Santa Monica Blvd., Suite 100
   Los Angeles, California 90025
4  Telephone:  310-507-7924
   Fax:  310-507-7906
5  *john@kristensenlaw.com*
   *david@kristensenlaw.com*
6  *matt@kristensenlaw.com*

7
   W. CRAFT HUGHES (*Pro Hac Vice* pending)      BRYANT FITTS (*Pro Hac Vice* pending)
8  JARRET L. ELLZEY (*Pro Hac Vice* pending)     **FITTS LAW FIRM, PLLC**
   **HUGHES ELLZEY, LLP**                        2700 Post Oak Boulevard, Suite 1120
9  2700 Post Oak Boulevard, Suite 1120           Houston, Texas 77056
   Houston, Texas 77056                          Telephone: (713) 871-1670
10 Telephone: (713) 554-2377                     Fax: (713) 583-1492
   Fax: (888) 995-3335                           *bfitts@fittslawfirm.com*
11 *craft@hughesellzey.com*
   *jarret@hughesellzey.com*
12

13 **Attorneys for Plaintiff and all others**
   **similarly situated**
14

15               **THE UNITED STATES DISTRICT COURT**

16               **NORTHERN DISTRICT OF CALIFORNIA**

17 MELINDA BROWN, GREGORIE          )  Case No.: 14-cv-00953-JAM-CKD
   GREEN, ANETTE AVILA, MITCHELL    )
18 BREWER, TONI BENEDICT, RICHARD   )  **PLAINTIFFS' COMPLAINT FOR**
   PERDUE, SAMUEL BALTIERRA, and    )  **DAMAGES AND INJUNCTIVE RELIEF**
19 JULIE EVERTS                     )
                                    )  **DEMAND FOR JURY TRIAL**
20        Plaintiffs,               )
                                    )
21        vs.                       )
                                    )
22                                  )
   COMCAST CORPORATION,             )
23                                  )
          Defendant.                )
24                                  )

25

26        **COMES NOW** MELINDA BROWN, GREGORIE GREEN, ANETTE AVILA,

27 MITCHELL BREWER, TONI BENEDICT, RICHARD PERDUE, SAMUEL BALTIERRA,

28 and JULIE EVERTS ("Plaintiffs") bring this action against Defendant COMCAST

*(sidebar, left margin)* Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

CORPORATION ("Defendant") to stop Defendant's practice of making illegal debt collection calls to the cellular telephones of Plaintiffs, and to obtain redress for injuries caused by Defendant's conduct.  Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**INTRODUCTION**

1.      "The right to be let alone is indeed the beginning of all freedom."[1]  Plaintiffs bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.      Defendant is a company that regularly engages in aggressive and reckless debt collection practices which outright ignore controlling federal law, and the rights of the called parties.

3.      Defendant repeatedly made unsolicited calls to Plaintiffs' cellular telephones in violation of the TCPA.  Defendant made the calls using an automated telephone dialing system ("ATDS") or pre-recorded voice for the purpose of bullying Plaintiffs into paying an allegedly deficient balance. Defendant also called Plaintiffs after they clearly stated they did not wish to be called again.  Many of Defendant's calls also violate the FDCPA, which is a statute Congress passed to prevent harassing, unconscionable, and unfair debt collection practices.

4.      By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to her carriers for the receipt of such telephone calls.

5.      Congress enacted the TCPA to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiffs file the instant lawsuit and seeks an injunction requiring Defendant to cease all illegal telephone calling activities to their cellular telephones and an award of statutory

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

---

[1] *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952) (Douglas, J., dissenting).

damages under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).  Plaintiffs also seek an award of statutory damages under the FDCPA equal to $1,000.00 per violation, together with court costs and reasonable attorney's fees.

**JURISDICTION**

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7.      The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9.       Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its marketing efforts and services that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

**INTRA-DISTRICT ASSIGNMENT**

10.     Pursuant to Local Rule 3.2(d), this action must be assigned to either the San Francisco Division or the Oakland Division of the United States District Court for the Northern District of California because Plaintiff Melinda Brown is a resident of Contra Costa County, California.

**PARTIES**

11.     Plaintiff MELINDA BROWN is a citizen of the State of California who resides in Richmond, Contra Costa County, California.

12.     Plaintiff GREOGRIE GREEN is a citizen of the State of California who resides in Sacramento, Sacramento County, California.

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

13. Plaintiff ANETTE AVILA is a citizen of the State of Colorado who resides in Aurora, Adams County, Colorado.

14. Plaintiff MITCHELL BREWER is a citizen of the State of Michigan who resides in Walled Lake, Oakland County, Michigan.

15. Plaintiff TONI BENEDICT is a citizen of the State of California who resides in Oroville, Butte County, California.

16. Plaintiff RICHARD PERDUE is a citizen of the State of California who resides in Sacramento, Sacramento County, California.

17. Plaintiff SAMUEL BALTIERRA is a citizen of the State of Colorado who resides in Northglenn, Adams County, Colorado.

18. Plaintiff JULIE EVERTS is a citizen of the State of Washington who resides in Auburn, King County, Washington.

19. Defendant COMCAST CORPORATION is a corporation organized under the laws of the State of Pennsylvania.  Defendant maintains its principle place of business in Philadelphia, Pennsylvania, but regularly conducts business in this District.  Defendant can be served with process by serving its registered agent, C T Corporation System, at 818 West Seventh Street Suite 930, Los Angeles, California 90017.

20. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

///

///

///

///

///

# LEGAL BASIS FOR THE CLAIMS

## The TCPA

21.     Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.  If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[2]  Calls that include non-marketing messages require consent, but not written consent.  The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

22.     Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA.  The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.  *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order.  The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially.  "In other words, the capacity of an autodialer is not limited to its current

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.  47 C.F.R. § 64.1200(f)(8).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1   configuration but also includes its potential functionalities." The Order clarifies the meaning

2   of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS

3   requires consent under the TCPA, even if the caller is not "actually…using those

4   functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW,

5   2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

6       23.   The Order also states that calls placed to the wrong number or a reassigned

7   number are made with knowledge of the error after the first call; and consumers may revoke

8   consent through any reasonable method, including orally: "[w]e clarify, however, that callers

9   who make calls without knowledge of reassignment and with a reasonable basis to believe that

10   they have valid consent to make the call should be able to initiate one call after reassignment

11   as an additional opportunity to gain actual or constructive knowledge of the reassignment and

12   cease future calls to the new subscriber. If this one additional call does not yield actual

13   knowledge of reassignment, we deem the caller to have constructive knowledge of such;"

14   "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly

15   in response to a call initiated or made by a caller, or at an in-store bill payment location,

16   among other possibilities."

17       24.   Furthermore, the TCPA established the National Do-Not-Call List, and also

18   mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-

19   call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request

20   not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA

21   prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on

22   whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the

23   National Do-Not-Call Registry. *Id*. at § 64.1200(d)(3), (6). Any company, or someone on the

24   company's behalf, who calls a member of the company IDNC is liable to that person under the

25   TCPA. The called party is then entitled to bring a private action under the TCPA for monetary

26   and injunctive relief.

27       25.   Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or

28   prerecorded message call is made to a wireless number bears the responsibility for any

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

-6-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

26.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**The FDCPA**

27.     In 1978, Congress enacted the FDCPA in response to data showing that abusive collection practices lead to an increase in personal bankruptcy filings, marital instability, loss of employment, and invasion of personal privacy. The FDCPA prohibits false, deceptive, misleading, harassing, abusive and offensive conduct during collection of consumer debts. *See* 15 U.S.C. § 1692a, *et seq.* In particular, the FDCPA prohibits, *inter alia*, the following practices:

- Discussing debt with a third party. 15 U.S.C. § 1692b(2)
- Contacting a third party more than one time for the purpose of obtaining debtor's location information. 15 U.S.C. § 1692d(1)
- Calling debtor's workplace if debtor notified debt collector that such calls are unwanted. 15 U.S.C. § 1692c(a)(3)
- Calling debtor before the hours of 8 a.m. or 9 p.m. 15 U.S.C. § 1692c(a)(1)
- The collector from threatening violence or the use of criminal activity towards the consumer or property. 15 U.S.C. § 1692d(1)
- The collector from using obscene or profane language. 15 U.S.C. § 1692d(2)
- The collector from engaging in harassing, abusive and/or oppressive conduct. 15 U.S.C. § 1692d
- The collector from making false, deceptive, or misleading statements. 15 U.S.C. § 1692e, e(10)

///

- The collector from stating or implying that non-payment will result in arrest or criminal prosecution.  15 U.S.C. § 1692e(4)

- The collector from threatening suit, garnishment, or seizure of property without the legal ability to do the same.  15 U.S.C. § 1692e(5)

- The collector from failing to identify itself and the purpose of the call.  15 U.S.C. § 1692e(11)

28.    The FDCPA further expressly provides a private right of action to anyone who receives prohibited collection calls.  A prevailing plaintiff under the FDCPA is entitled to recovery of actual damages (including mental anguish), a statutory penalty of $1,000, plus costs and attorneys' fees. 15 U.S.C. § 1692k(a).

## FACTUAL BACKGROUND AS TO PLAINTIFF MELINDA BROWN

29.    Beginning around September 2014, Defendant contacted Brown on her cellular telephone number ending in 4366 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least 33 times over a multi-year period without first obtaining Brown's written consent.

30.    Brown's caller ID read "800-266-2278" as the call was incoming.  This number is assigned to Defendant.

31.    Brown would answer many of the calls even though she had memorized the number assigned to Defendant as a result of the constant abusive calling techniques employed by Defendant.  When Brown answered the phone, she experienced dead air before she could hear the call being routed a live representative.

32.    To the extent Brown ever consented to the calls, she revoked such consent but the calls continued.

33.    Despite Brown's reasonable requests, Defendant called her at least thirty-three times.

34.    Defendant contacted Brown outside the hours permitted by 15 U.S.C. § 1692 on several occasions.  Brown attempted to work with the Defendant's representative to facilitate some resolution to the debt.  She told Defendant on several occasions that she could not pay

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1   until she received a check – yet Defendant refused to work with her and, instead, continued its

2   pattern of harassing and abusive phone calls.

3      35.    Brown was extremely frustrated by the calls and wanted Defendant to stop

4   calling.  The calls invaded her privacy and caused her to lose time on her cellular plan.

5      36.    On information and belief, Defendant's automated system had called Brown on

6   every occasion.

7      37.    Based on the circumstances of the calls – including but not limited to the

8   multiple calls, Brown never spoke to the same representative, and Defendant called despite

9   Brown's requests to Defendant to stop calling (indicating a computer automatically dialed the

10   number again) – Brown believed Defendant called her cellular telephone using an ATDS that

11   automatically selected her number from a computer database.

12      38.    On information and belief, Defendant's ATDS called Brown on every occasion.

13      39.    On information and belief, and based on the circumstances of the all the calls,

14   Defendant called Brown using an ATDS.

15      40.    Brown understood the purpose of Defendant's calls was to collect a debt from

16   Brown.

17      41.    The telephone number Defendant called was assigned to a cellular telephone.

18      42.    Brown is the regular carrier and exclusive user of the cellular telephone

19   assigned the number ending in 5710.

20      43.    Defendant's calls constituted calls that were not for emergency purposes as

21   defined by 47 U.S.C. § 227(b)(1(A)(i).

22      44.    Brown did not provide Defendant with prior express written consent to receive

23   calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to

24   47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

25      45.    Brown is a consumer from whom Defendant is attempting to collect a debt.

26   Accordingly, the debt allegedly owed to Defendant is a consumer debt.

27      46.    All calls Defendant made to Brown violate 47 U.S.C. § 227, and 15 U.S.C. §

28   1692.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

47.     Brown seeks an injunction requiring Defendant to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees.

**FACTUAL BACKGROUND AS TO PLAINTIFF GREGORIE GREEN**

48.     Beginning around November 2015, Defendant contacted Green on his cellular telephone number ending in 4589 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least 22 times without first obtaining Green's written consent.

49.     Green's caller ID read "800-266-2278" as the call was incoming.  This number is assigned to Defendant.

50.     When Green answered the phone, there was a pause before he was connected to one of Defendant's live representatives.

51.     To the extent Green ever consented to the calls, he revoked such consent but the calls continued.

52.     Green attempted to explain to Defendant's live representative that he did not believe he owed the debt and that he returned any and all equipment associated with Defendant's services to Defendant.  Nevertheless, Defendant chose to continue to utilize an ATDS to harass Green by calling his cellular telephone.

53.     Despite Green's reasonable requests, Defendant called him at least twenty-two times.

54.     On several occasions, Defendant called Green outside the hours permitted by 15 U.S.C. § 1692.

55.     Green felt that the calls were intrusive and harassing.  The calls invaded his privacy and caused him to lose time on his cellular plan.

56.     On information and belief, Defendant's automated system had called Green on every occasion.

57.     Based on the circumstances of the calls – including but not limited to the multiple calls, Green never spoke to the same representative, and Defendant called despite Green's requests to Defendant to stop calling (indicating a computer automatically dialed the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

number again) – Green believed Defendant called his cellular telephone using an ATDS that automatically selected his number from a computer database.

58.     On information and belief, Defendant's ATDS called Green on every occasion.

59.     On information and belief, and based on the circumstances of the all the calls, Defendant called Green using an ATDS.

60.     Green understood the purpose of Defendant's calls was to collect both an alleged debt and a piece of equipment Green allegedly owed to Defendant.

61.     The telephone number Defendant called was assigned to a cellular telephone.

62.     Green is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 4589.

63.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

64.     Green did not provide Defendant with prior express written consent to receive calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

65.     Green is a consumer from whom Defendant is attempting to collect a debt. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

66.     All calls Defendant made to Green violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

67.     Green seeks an injunction requiring Defendant to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees.

**FACTUAL BACKGROUND AS TO PLAINTIFF ANETTE AVILA**

68.     Beginning around January 2016, Defendant contacted Avila on her cellular telephone number ending in 9518 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least 36 times without first obtaining Avila's written consent.

69.     Avila's caller ID read "800-266-2278" as the call was incoming.  This number is assigned to Defendant.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

70.     Avila would answer many of the calls from Defendant.  When Avila answered the phone, she heard silence before the call connected to one of Defendant's live representatives.

71.     To the extent Avila ever consented to the calls, she revoked such consent but the calls continued.

72.     Despite Avila's reasonable requests, Defendant called her at least thirty-six times.

73.     Avila was extremely frustrated by the calls and wanted Defendant to stop calling.  The calls invaded her privacy and caused her to lose time on her cellular plan.

74.     On information and belief, Defendant's automated system had called Avila on every occasion.

75.     Based on the circumstances of the calls – including but not limited to the multiple calls, Avila never spoke to the same representative, and Defendant called despite Avila's requests to Defendant to stop calling (indicating a computer automatically dialed the number again) – Avila believed Defendant called her cellular telephone using an ATDS that automatically selected her number from a computer database.

76.     On information and belief, Defendant's ATDS called Avila on every occasion.

77.     On information and belief, and based on the circumstances of the all the calls, Defendant called Avila using an ATDS.

78.     Avila understood the purpose of Defendant's calls was to collect a debt from Avila.

79.     The telephone number Defendant called was assigned to a cellular telephone.

80.     Avila is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 9518.

81.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

///

///

82. Avila did not provide Defendant with prior express written consent to receive calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

83. Avila is a consumer from whom Defendant is attempting to collect a debt. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

84. All calls Defendant made to Avila violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

85. Avila seeks an injunction requiring Defendant to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees.

**FACTUAL BACKGROUND AS TO PLAINTIFF MITCHELL BREWER**

86. Beginning around March 2016, Defendant contacted Brewer on his cellular telephone number ending in 2827 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least 43 times without first obtaining Brewer's written consent.

87. Brewer's caller ID read "800-266-2278" as the call was incoming. This number is assigned to Defendant.

88. When Brewer answered the phone, he was "speaking into silence" before the call was transferred to a live person.

89. To the extent Brewer ever consented to the calls, he revoked such consent but the calls continued.

90. Brewer attempted to explain to Defendant's live representative that he was not the person that Defendant was attempting to contact. Nevertheless, Defendant chose to continue to utilize an ATDS to harass Brewer by calling his cellular telephone.

91. Despite Brewer's reasonable requests, Defendant called him at least forty-three times.

92. Brewer felt that the calls were intrusive and harassing. The calls invaded his privacy and caused him to lose time on his cellular plan.

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

93.    On information and belief, Defendant's automated system had called Brewer on every occasion.

94.    Based on the circumstances of the calls – including but not limited to the multiple calls, Brewer never spoke to the same representative, and Defendant called despite Brewer's requests to Defendant to stop calling (indicating a computer automatically dialed the number again) – Brewer believed Defendant called his cellular telephone using an ATDS that automatically selected his number from a computer database.

95.    On information and belief, Defendant's ATDS called Brewer on every occasion.

96.    On information and belief, and based on the circumstances of the all the calls, Defendant called Brewer using an ATDS.

97.    Brewer understood the purpose of Defendant's calls was to contact someone other than Brewer.

98.    The telephone number Defendant called was assigned to a cellular telephone.

99.    Brewer is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 2827.

100.    Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

101.    Brewer did not provide Defendant with prior express written consent to receive calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

102.    All calls Defendant made to Brewer violate 47 U.S.C. § 227.

103.    Brewer seeks an injunction requiring Defendant to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees.

///

///

///

1

**FACTUAL BACKGROUND AS TO PLAINTIFF TONI BENEDICT**

2

104.    Beginning around January 2016, Defendant contacted Benedict on her cellular

3

telephone number ending in 0913 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least 36

4

times without first obtaining Benedict's written consent.

5

105.    Benedict's caller ID read "800-266-2278" as the call was incoming.  This

6

number is assigned to Defendant.

7

106.    Benedict answered many calls from Defendant in order to inform Defendant

8

that the alleged debt in question was not Benedict's debt.  When Benedict answered the phone,

9

she heard silence before the call connected to one of Defendant's live representatives.

10

107.    To the extent Benedict ever consented to the calls, she revoked such consent

11

but the calls continued.

12

108.    Despite Benedict's requests to stop calling her about a debt belonging to

13

someone else, Defendant called her at least twenty-six times.

14

109.    Benedict was extremely frustrated by the calls and wanted Defendant to stop

15

calling.  The calls invaded her privacy and caused her to lose time on her cellular plan.

16

110.    On information and belief, Defendant's automated system had called Benedict

17

on every occasion.

18

111.    Based on the circumstances of the calls – including but not limited to the

19

multiple calls, Benedict never spoke to the same representative, and Defendant called despite

20

Benedict's requests to Defendant to stop calling (indicating a computer automatically dialed

21

the number again) – Benedict believed Defendant called her cellular telephone using an ATDS

22

that automatically selected her number from a computer database.

23

112.    On information and belief, Defendant's ATDS called Benedict on every

24

occasion.

25

113.    On information and belief, and based on the circumstances of the all the calls,

26

Defendant called Benedict using an ATDS.

27

114.    Benedict understood the purpose of Defendant's calls was to collect a debt from

28

someone other than Benedict.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

115. The telephone number Defendant called was assigned to a cellular telephone.

116. Benedict is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 0913.

117. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

118. Benedict did not provide Defendant with prior express written consent to receive calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

119. All calls Defendant made to Benedict violate 47 U.S.C. § 227.

120. Benedict seeks an injunction requiring Defendant to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees.

### FACTUAL BACKGROUND AS TO PLAINTIFF RICHARD PERDUE

121. Beginning around February 2016, Defendant contacted Perdue on his cellular telephone number ending in 5710 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least 6 times without first obtaining Perdue's written consent.

122. Perdue's caller ID read either "801-485-0500" or "267-966-9188" as the call was incoming.  Both of these numbers are assigned to Defendant.

123. Perdue was able to answer the calls on many occasions and interact with Defendant's dialing system and call representatives.

124. When Perdue answered the phone, he experienced a brief silence before he could hear the call being routed to a call center representative.

125. To the extent Perdue ever consented to the calls, he revoked such consent but the calls continued.

126. Despite Perdue's reasonable requests, Defendant called him at least six times.

127. On at least one occasion, Defendant called Perdue outside the hours permitted by 15 U.S.C. § 1692.

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

128.     Perdue was annoyed by the calls and wanted Defendant to stop calling.  The calls invaded his privacy and caused him to lose time on his cellular plan.

129.     On information and belief, Defendant's automated system had called Perdue on every occasion.

130.     Based on the circumstances of the calls – including but not limited to the multiple calls, Perdue never spoke to the same representative, and Defendant called despite Perdue's requests to Defendant to stop calling (indicating a computer automatically dialed the number again) – Perdue believed Defendant called his cellular telephone using an ATDS that automatically selected his number from a computer database.

131.     On information and belief, Defendant's ATDS called Perdue on every occasion.

132.     On information and belief, and based on the circumstances of the all the calls, Defendant called Perdue using an ATDS.

133.     Perdue understood the purpose of Defendant's calls was to collect a debt from Perdue.

134.     The telephone number Defendant called was assigned to a cellular telephone.

135.     Perdue is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 5710.

136.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

137.     Perdue did not provide Defendant with prior express written consent to receive calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

138.     Perdue is a consumer from whom Defendant is attempting to collect a debt. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

139.     All calls Defendant made to Perdue violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

///

///

140. Perdue seeks an injunction requiring Defendant to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees.

**FACTUAL BACKGROUND AS TO PLAINTIFF SAMUEL BALTIERRA**

141. Beginning around March 2016, Defendant contacted Baltierra on his cellular telephone number ending in 0899 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least 3 times without first obtaining Baltierra's written consent.

142. Baltierra's caller ID read "800-266-2278" as the call was incoming.  This number is assigned to Defendant.

143. Baltierra was able to answer the calls on many occasions and interact with Defendant's dialing system and call representatives.

144. When Baltierra answered the phone, there was noticeable dead air before he was connected with one of Defendant's live representatives.

145. To the extent Baltierra ever consented to the calls, he revoked such consent but the calls continued.

146. Despite Baltierra's reasonable requests to stop calling the number assigned to his cellular phone, Defendant called him at least three times.

147. On at least one occasion, Defendant called Baltierra outside the hours permitted by 15 U.S.C. § 1692.

148. Baltierra was annoyed by the calls and wanted Defendant to stop calling.  The calls invaded his privacy and caused him to lose time on his cellular plan.

149. On information and belief, Defendant's automated system had called Baltierra on every occasion.

150. Based on the circumstances of the calls – including but not limited to the multiple calls, Baltierra never spoke to the same representative, and Defendant called despite Baltierra's requests to Defendant to stop calling (indicating a computer automatically dialed the number again) – Baltierra believed Defendant called his cellular telephone using an ATDS that automatically selected his number from a computer database.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

151.    On information and belief, Defendant's ATDS called Baltierra on every occasion.

152.    On information and belief, and based on the circumstances of the all the calls, Defendant called Baltierra using an ATDS.

153.    Baltierra understood the purpose of Defendant's calls was to collect a debt from Baltierra.

154.    The telephone number Defendant called was assigned to a cellular telephone.

155.    Baltierra is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 0899.

156.    Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

157.    Baltierra did not provide Defendant with prior express written consent to receive calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

158.    Baltierra is a consumer from whom Defendant is attempting to collect a debt. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

159.    All calls Defendant made to Baltierra violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

160.    Baltierra seeks an injunction requiring Defendant to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees.

## FACTUAL BACKGROUND AS TO PLAINTIFF JULIE EVERTS

161.    Beginning around January 2016, Defendant contacted Everts on her cellular telephone number ending in 8977 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least 5 times without first obtaining Everts' written consent.

162.    Everts' caller ID read "800-266-2278" as the call was incoming.  This number is assigned to Defendant.

///

163.   Everts would answer the calls to try to explain that she was making partial payments in the amount that she was able.  When Everts answered the phone, she experienced a "short pause" before a live representative came on the line.

164.   To the extent Everts ever consented to the calls, she revoked such consent but the calls continued.

165.   Despite Everts' reasonable requests, Defendant called her at least five times.

166.   Everts attempted to work with the Defendant's representative to facilitate some resolution to the debt – yet Defendant refused to work with her and, instead, continued its pattern of harassing and abusive phone calls.

167.   Everts was extremely frustrated by the calls and wanted Defendant to stop calling.  The calls invaded her privacy and caused her to lose time on her cellular plan.

168.   On information and belief, Defendant's automated system had called Everts on every occasion.

169.   Based on the circumstances of the calls – including but not limited to the multiple calls, Everts never spoke to the same representative, and Defendant called despite Everts' requests to Defendant to stop calling (indicating a computer automatically dialed the number again) – Everts believed Defendant called her cellular telephone using an ATDS that automatically selected her number from a computer database.

170.   On information and belief, Defendant's ATDS called Everts on every occasion.

171.   On information and belief, and based on the circumstances of the all the calls, Defendant called Everts using an ATDS.

172.   Everts understood the purpose of Defendant's calls was to collect a debt from Everts.

173.   The telephone number Defendant called was assigned to a cellular telephone.

174.   Everts is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 8977.

175.   Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

176.    Everts did not provide Defendant with prior express written consent to receive calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

177.    Everts is a consumer from whom Defendant is attempting to collect a debt. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

178.    All calls Defendant made to Everts violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

179.    Everts seeks an injunction requiring Defendant to cease all illegal, abusive, and harassing telephone calls using an ATDS and an award of statutory damages, together with costs and reasonable attorneys' fees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

### 47 U.S.C. § 227, *ET SEQ.*

### (By All Plaintiffs Against All Defendants)

180.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

181.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*. and 47 C.F.R. §64.1200, *et seq.*

182.    As a result of Defendant's violations of 47 U.S.C. § 227, *et seq*., and 47 C.F.R. §64.1200, *et seq.,* Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

183.    Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATION OF

### THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

### (By All Plaintiffs Against All Defendants)

184.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

185.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

186.    As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

187.    Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*

### (By Plaintiffs Brown, Green, Avila, Perdue, Baltierra, and Everts Against All Defendants)

188.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

189.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of 15 U.S.C. § 1692d(2), 15 U.S.C. § 1692d, and 15 U.S.C. § 1692e(5).

190.    As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to an award of $1,000.00 in statutory damages, for each and every violation, and actual damages,

1  including mental anguish.

2  **ATTORNEY'S FEES**

3      191.    Each and every allegation contained in the foregoing paragraphs is re-alleged as

4  if fully rewritten herein.

5      192.    Plaintiff is entitled to recover reasonable attorney fees and request the

6  attorneys' fees be awarded.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

- An award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227, *et seq*.;

- An award of $1,500.00 in statutory damages, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227, *et seq*.;

- An award of $1,000.00 in statutory damages, for each and every violation, pursuant to 15 U.S.C. § 1692, *et seq*.;

- Actual damages, including mental anguish.

- Preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones, and enjoining Defendant from engaging in abusive and oppressive collection practices as outlined in this Complaint.

- Attorneys' fees, costs and any and all other relief deemed just and proper.

Dated:  June 28, 2016                    Respectfully Submitted,

/s/ *John Kristensen*
**KRISTENSEN WEISBERG, LLP**
John Kristensen, Esq.
California Bar No. 224132
12304 Santa Monica Boulevard
Suite 100
Los Angeles, California 90025
john@kristensenlaw.com

**HUGHES ELLZEY, LLP**
W. Craft Hughes
Jarrett L. Ellzey
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
craft@hughesellzey.com
jarrett@hughesellzey.com

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**FITTS LAW FIRM, PLLC**
Bryant Fitts
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
bfitts@fittslawfirm.com

ATTORNEYS FOR PLAINTIFF
*(Pro Hac Vice Admission will be requested)*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all issues that may be decided by jury.

Dated:  June 28, 2016                              Respectfully submitted,

                                    By:  */s/ John P. Kristensen*

**KRISTENSEN WEISBERG, LLP**
John Kristensen, Esq.
California Bar No. 224132
12304 Santa Monica Boulevard
Suite 100
Los Angeles, California 90025
john@kristensenlaw.com

**HUGHES ELLZEY, LLP**
W. Craft Hughes
Jarrett L. Ellzey
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
craft@hughesellzey.com
jarrett@hughesellzey.com

**FITTS LAW FIRM, PLLC**
Bryant Fitts
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
bfitts@fittslawfirm.com

ATTORNEYS FOR PLAINTIFF
*(Pro Hac Vice Admission will be requested)*

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025