UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA BROWN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION,<br><br>    Defendant. | Case No.16-cv-03649-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY LITIGATION**<br><br>Re: ECF No. 24 |

    Before the Court is Defendant's motion to compel individual arbitration and stay litigation. ECF No. 24. The Court grants the motion.

    Plaintiffs allege that Defendant Comcast Corporation ("Comcast") called their cellular telephone numbers in violation of the Telephone Consumer Protection Act ("TCPA") and/or the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1 ¶ 3. By using Comcast's services, each of the Plaintiffs agreed to Comcast's "Subscriber Agreement," which includes the following "Binding Arbitration" provision: "Any Dispute involving you and Comcast shall be resolved through individual arbitration." ECF No. 24-1 at 32, ¶ 13. The arbitration provision defines a "Dispute" as "any claim or controversy related to Comcast, including but not limited to any and all: (1) claims for relief and theories of liability, whether based in contract, tort, fraud, negligence, statute, regulation, ordinance, or otherwise; (2) claims that arose before this or any prior Agreement; (3) claims that arise after the expiration or termination of this Agreement, and (4) claims that are currently the subject of purported class action litigation in which you are not a member of a certified class." Id.

    The Federal Arbitration Act ("FAA") applies to arbitration agreements in any contract affecting interstate commerce. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001); 9 U.S.C. § 2. Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable,

save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Therefore, on a motion to compel arbitration, the court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).  If the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.  Where the claims alleged in a complaint are subject to arbitration, the Court must stay the action pending arbitration if either party requests a stay.  Id. § 3.

The Plaintiffs do not argue that the arbitration provision in Comcast's Subscriber Agreement is invalid or unenforceable for any reason.  Nor do they argue that the present dispute falls outside the scope of the arbitration provision.  Because the plain terms of the Subscriber Agreement require the parties to arbitrate the claims at issue here, the Court grants the Defendant's motion and orders the parties to proceed to arbitration.  This action is stayed pending the completion of arbitration.

IT IS SO ORDERED.

Dated:  December 21, 2016

_____
JON S. TIGAR
United States District Judge